**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CLARENCE MICHAEL PAUL,

Plaintiff-Appellant,

v.

CITY OF ALTUS,

Defendant-Appellee,

and

JOHN DOE; JACKSON COUNTY
MEMORIAL HOSPITAL; GEORGE
ANDREWS; TODD GILPATRICK;
RANDALL HOWLAND; RONALD
MYERS; CHARLES DIGIACOMO;
MIKE WHITE;

Defendants.

No. 98-6202
(D.C. No. CIV-95-1469)
(W.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Clarence Michael Paul's action against defendant City of Altus ["the city"] is based on an alleged failure to adequately train its police officers who had allegedly violated plaintiff's constitutional rights and is brought pursuant to 42 U.S.C. § 1983.  Our jurisdiction arises under 28 U.S.C. § 1291.  The district court granted summary judgment in favor of the city, but the case against the individual officers went to trial.    See Appellant's App. at 98-101.  A jury found in favor of the officers.    See Appellee's Supp. App. at 30.  On appeal, this court affirmed the verdict in favor of the officers but overturned the summary judgment in favor of the city because we determined that an issue of material fact existed as to whether the city had failed to properly train the officers.    See id. at 29-34.  Because we did not know the basis of the jury's verdict in favor of the officers, we could not say whether the case against the city had been mooted by that verdict.  See id. at 30.  We therefore remanded the cause and instructed the district court to review the jury instructions and verdict form to determine the basis of the jury's verdict.  If the court determined that the jury found the officers

did not commit a constitutional violation, we instructed the court to dismiss the case against the city.    See id. at 30-31.

On remand, the court followed our instructions and stated that it was clear that the jury found no constitutional violations.  Accordingly, the court dismissed plaintiff's action against the city.    See id. at 36-37.  In the appeal at bar, plaintiff erroneously argues that in order for the district court to properly dismiss his action against the city, the court first had to find that plaintiff initially did not have a claim against the city.    See Appellant's Br. at 4.  We hold that the district court properly followed our instructions on remand, and, having determined that the jury found that the officers did not violate plaintiff's constitutional rights, properly dismissed plaintiff's case against the city.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-